## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JANET KERR,** | ) | CASE NO. |
| 3361 Huntsberger Drive, | ) | |
| Norton, Ohio 44203 | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **ORRVILON, INC.,** | ) | **COMPLAINT** |
| c/o its Statutory Agent | ) | |
| Corporation Service Company | ) | **Plaintiff demands a trial by jury on all** |
| 50 West Broad Street, Suite 1330 | ) | **issues triable of right by a jury, pursuant** |
| Columbus, Ohio 43215 | ) | **to Fed. R. Civ. P. 38.** |
| | ) | |
| and | ) | |
| | ) | |
| **HOLTEC INTERNATIONAL** | ) | |
| c/o its Statutory Agent | ) | |
| Corporation Service Company | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

1.     Plaintiff Janet Kerr ("Kerr") is an Ohio citizen.

2.     Defendant Orrvilon, Inc. ("Orrvilon") is and was a Delaware corporation conducting business in the United States and the State of Ohio.

3.     Defendant Holtec International ("Holtec") (collectively with Orrvilon, "Defendants") is and was a Delaware corporation conducting business in the United States and the State of Ohio, including as, upon information and belief, the sole parent company and owner of Orrvilon.

4.      Kerr is a "person" and an "employee" as defined and used in the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA").

5.      Defendants are "individuals" and "employers" as defined and used in the FMLA.

6.      This suit is authorized and instituted pursuant to the FMLA.  Jurisdiction is conferred by 28 U.S.C. § 1331, based on federal questions presented under the FMLA.

7.      Jurisdiction additionally is proper pursuant to 28 U.S.C. § 1332.

8.      Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial portion of the events giving rise to the claims below arose and Kerr resides in this judicial district.

9.      Defendants hired Kerr in or about 2014.

10.      At all times relevant hereto, Kerr was qualified for the positions she held with Defendants.

11.      Defendants terminated Kerr's employment on or about September 12, 2017.

### FIRST AND SECOND CAUSES OF ACTION
**(Family and Medical Leave Act Interference and Retaliation)**

12.      Kerr incorporates by reference the foregoing as if fully re-alleged herein.

13.      During the course of her employment, Kerr suffered from one or more serious health conditions within the meaning of 29 U.S.C. § 2611.

14.      Defendants knew of Kerr serious health condition(s) and the medical necessity of Kerr taking medical leave for treatment.

15.      At all times relevant hereto, Kerr was an eligible employee within the meaning of 29 U.S.C. § 2611.

2

16.     Kerr provided Defendants with notice of her need for leave as was practicable under the circumstances.

17.     Defendants interfered with Kerr's FMLA leave, and terminated Kerr's employment because she had requested and taken a period of leave to which she was entitled under the FMLA.

18.     Kerr complained to Defendants about conduct of Defendants that she reasonably and in good faith believed to be retaliation based upon her use of FMLA leave during her employment.

19.     Defendants refused to consider Kerr for reinstatement to her former position and other open positions for which she was qualified because she had requested and taken a period of leave to which she was entitled under the FMLA.

20.     Defendants' aforementioned conduct was undertaken, in whole or in part, in interference of and retaliation for Kerr's exercise of her rights under the FMLA in violation of 29 U.S.C. § 2615, for which Defendants are liable for economic damages, pre-judgment interest, and attorneys' fees and costs in accordance with 29 U.S.C. § 2617.

21.     Defendants' conduct was not undertaken in good faith and renders Defendants liable for liquidated damages and related costs and expenses in accordance with 29 U.S.C. § 2617.

## **PRAYER FOR RELIEF**

Kerr seeks judgment against Defendants in an amount in excess of $75,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic

compensatory damages, front pay, fringe benefits, liquidated damages, interest, all reasonable

attorneys' fees, costs and expenses, and any additional legal or equitable relief available under

law, including but not limited to back pay, future losses, reinstatement and promotion.

Respectfully submitted,


/s/ Daniel P. Petrov
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
50 E. Washington Street
Cleveland, Ohio 44022
Tel. (216) 621-3500
Fax (216) 621-3422

*Attorneys for Plaintiff*